C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  CURTIS WRIGHT,                                            :
                                                            :   MEMORANDUM DECISION AND
                              Plaintiff,                    :   ORDER
                                                            :
            - against -                                     :   20-cv-0622 (BMC) (TAM)
                                                            :
                                                            :
                                                            :
  SDS JOHN PARENTE, et al.,                                 :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action under 42 U.S.C. § 1983, claiming that three NYPD police officers used excessive force in effecting his arrest. Plaintiff has not opposed defendants' summary judgment motion despite having notice under Local Rule 56.2, but in light of his *pro se* status, I have considered the merits of the motion to determine whether summary judgment is appropriate. Aided by a video of the incident, I hold that no reasonable jury could find excessive force where plaintiff was actively resisting and trying to escape. The motion is therefore granted.

The following facts, construed in the light most favorable to plaintiff, are undisputed based on plaintiff's deposition, defendants' responses to written deposition questions, the video of the encounter, and defendants' unopposed Rule 56.1 statement.

As plaintiff was exiting a housing project in Brooklyn, he encountered an unnamed police officer. Upon seeing the officer, plaintiff turned around and walked back into the building because he was carrying marijuana, thirty-nine bags of heroin, and twelve bags of crack cocaine, which he had been selling. When he re-entered the building, he saw two more police officers

coming down the stairs, so he turned, exited the building, and took off running. While running, he tossed the heroin and cocaine. He then reentered the building, and one of the police officers took him to the ground. The officers repeatedly told plaintiff to "stay still," "turn around," "stop resisting," and to put his hands behind his back. He refused, trying to squirm away and fighting the officers' efforts to handcuff him.

Defendant Sgt. John Parente tried to taser him, but the taser misfired. Plaintiff grabbed Sgt. Parente's ankle, and another unnamed officer delivered three quick punches to plaintiff's chest or face. That didn't faze him; plaintiff continued resisting. Sgt. Parente kept trying to tase plaintiff, but kept missing or the taser misfired, and, in fact, it was defendant Det. Mark Gurleski who got tased at first.

Plaintiff kept resisting being handcuffed. He kept one of his arms underneath his body and would not remove it even after the punches. Finally, Sgt. Parente successfully tased him in the back. Only then did the police get his arm out and cuff him. No force was used after that. A crowd of about 10 people had formed around the incident and the police officers had to part it to escort plaintiff through, and a friend of plaintiff's was screaming throughout the incident. As the police officers were attempting to part the crowd to get plaintiff through, one member of the crowd pushed one of the police officers, but that did not retard their progress and plaintiff was successfully escorted out. Plaintiff walked out under his own power. The only injury he sustained was one or two stiches where the taser darts had struck him.

As the Second Circuit has explained, use of force inquiries are usually fact-intensive, Tracy v. Freshwater, 623 F.3d 90 (2d Cir. 2010), and therefore often not amenable to summary resolution. But like any other issue that starts out as factual, summary judgment will be appropriate if, viewing the facts in the light most reasonable to the plaintiff, no reasonable jury

could find in the plaintiff's favor.  See Ottley v. Proietti, No. 20-cv-2861, 2022 WL 4586303, at *4 (E.D.N.Y. Sept. 29, 2022); Perez v. City of New York, No. 20-cv-1359, 2022 WL 4236338 (S.D.N.Y. Sept. 14, 2022); Gutierrez v. New York, No. 18-cv-03621, 2021 WL 681238, at *14 (E.D.N.Y. Feb. 22, 2021).  This is such a case.

The record, including the video of the incident, see Scott v. Harris, 550 U.S. 372, 378-81 (2007), shows that the force used consisted of wrestling plaintiff to and on the ground, three quick ineffectual punches, and a taser strike.[1] There is of course nothing about a punch or the use of a taser that is excessive *per se*, see Husbands ex rel. Forde v. City of New York, 335 F. App'x 124, 128 (2d Cir. 2009); MacLeod v. Town of Brattleboro, 548 F. App'x 6, 8 (2d Cir. 2013); Scoma v. City of New York, No. 16-cv-06693, 2021 WL 230295, at *8 (E.D.N.Y. Jan. 22, 2021), and the video shows that plaintiff gave the officers little choice in the matter. He was actively resisting throughout the encounter and grabbed at one of the officers.  Moreover, the officers had to get plaintiff under control quickly. This was not only because of the physical risks to officers and a suspect that increase the longer that a suspect resists arrest, but because the crowd that formed presented an additional risk factor.

Under these facts, I do not see how the officers could have used less force except by continuing to wrestle with plaintiff to the point of his or their exhaustion, which would have created additional danger for the officers as well as plaintiff.  Because no reasonable jury could

---

[1] Plaintiff testified that he thought he had been tasered twice, but one of the strikes had not pierced his skin.  Since he received a couple of stiches in two places where the taser darts had hit him, and each taser operation fires two darts, it seems clear that he mistook each of the two darts as separate strikes rather than a single strike.

3

find that defendants used excessive force, defendants' motion for summary judgment is granted, and the case is dismissed.

**SO ORDERED.**

                                            Digitally signed by Brian M. Cogan
                                                                            U.S.D.J.

Dated:  Brooklyn, New York
           February 17, 2023